## CLARKE et al. v. FRANKLIN.

(Court of Appeals of District of Columbia. Submitted October 8, 1925. Decided December 7, 1925.)

No. 4210.

1. Deeds ⊗⟩211(1, 3, 4)—Evidence held to sustain finding of fraud, undue influence, or lack of mental capacity, vitiating deed.

Evidence *held* to sustain finding that deed to realty was obtained by fraud, undue influence, or lack of mental capacity of grantor.

2. Cancellation of instruments ⊗⟩43—In suit to set aside deed, evidence of forgery held admissible, though forgery not charged.

In suit to set aside deed for fraud, undue influence, and mental incapacity, *held*, signing of deed was part of res gestæ, and evidence that grantor was unable to sign his name and that signature was not in his handwriting was admissible, though forgery was not charged.

Appeal from Supreme Court of District of Columbia.

Suit by Robert C. Franklin against Thomas H. R. Clarke and another. Decree for plaintiff, and defendants appeal. Affirmed.

G. C. Gertman, of Washington, D. C., for appellants.

R. R. Horner and John Raun, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree setting aside a certain deed of conveyance upon a charge of fraud, undue influence, and lack of mental capacity of the grantor.

It appears that George H. Franklin, a resident of the District of Columbia, died intestate on November 14, 1922, leaving as his only heirs at law and next of kin a son, Robert C. Franklin, the appellee, and a granddaughter, Helen Franklin Hamilton, the appellant, together with certain other grandchildren, who are not parties to this record. The decedent, at a time prior to his death, was the owner in fee simple of a certain residence property, situate on T. street in the city of Washington, and on May 23, 1922, a deed of conveyance purporting to have been executed by him and formally attested, conveying said real estate in fee simple to the appellant Thomas H. R. Clarke, was filed for record with the recorder of deeds for the District of Columbia. At the same time there was likewise filed with the recorder a deed, executed by said Thomas H. R. Clarke, purporting to convey said premises in fee simple to said George H. Franklin and Helen Franklin Hamilton as joint tenants. Both of the deeds bore the date of May 20, 1922.

The present suit was brought by the son, Robert C. Franklin, after the decease of the intestate, against said Thomas H. R. Clarke and Helen Franklin Hamilton, praying that the alleged deed of conveyance from the decedent to said Clarke be vacated and set aside, upon the ground that said George H. Franklin then lacked mental capacity to make a valid deed or contract, and that said Clarke and Helen Franklin Hamilton procured the same from the decedent by means of fraud, undue influence, and duress. These charges were denied by the defendants, who claimed that the decedent had acted from natural love and affection for his granddaughter, and had made the conveyance to Clarke in order that the property might be so conveyed as to come to her in event she should survive her grandfather. The lower court tried the case upon the evidence, and entered a decree vacating and setting aside the deed, from which decree this appeal was taken.

[1] The testimony in the case was extended, and utterly conflicting. Some facts, however, appeared with reasonable certainty: From 1915 to 1917 the decedent resided with his son, Robert C. Franklin, at Jersey City.

In the latter year decedent's wife died, whereupon he came to Washington to live. At that time he owned a piece of real estate at Southampton, and also the residence property on T street, which is now in question. The latter was valued at about $10,000. In the year 1920, while living in Washington, he suffered a stroke of paralysis, the effects of which upon his mental and physical condition were differently described by the respective witnesses. Some testified that he was seriously broken in body and mind as the result of the stroke; others testified that he recovered almost entirely from its effects. Afterwards he went to live at the T street residence, and he made his home there until his death, which occurred about two years later. The appellant Helen Franklin Hamilton, together with her husband, her mother-in-law, and her maternal grandmother, lived in the house with the decedent. Helen had been raised and educated by him, and during the several years of their residence at the T street house she boarded him and cared for him. The degree of care which she bestowed upon him during this period was sharply contested by the respective witnesses.

While residing at the T street house, a number of bank checks for money due to the decedent came to him by mail, among them one for $3,538.18 as the price of the Southampton property, which he sold at this time. These checks were made payable to the decedent, but almost, if not quite, invariably his name was indorsed on them by Helen or her husband, and the entire proceeds were retained by them. During the year 1921 to 1922 these sums amounted to $4,088, all of which Helen or her husband secured for their own benefit. It is in the testimony that Helen stated to witnesses that her grandfather gave her this money "to run the house with." At this time Helen was renting out some of the rooms in the house and receiving the rents therefor; her grandfather occupying a single room for his own use. At the date of the deed the decedent was about 87 years of age; he died about 6 months afterwards, while undergoing a surgical operation. The testimony concerning the transactions between the parties tends strongly to prove that the decedent was not at the time possessed of sufficient mental capacity to make the conveyance in question; and upon a review of the evidence, with its many contradictions, we think that the decree below should not be reversed. The lower court saw the witnesses and heard their testimony, and the case is one wherein its conclusions upon the facts should not readily be disturbed.

[2] At the trial it was disclosed that the deed in question purported to be signed by the decedent in his own handwriting; whereupon the plaintiff was allowed to introduce evidence tending to prove that at that time decedent was so blind and feeble as to be unable to sign his name, and that the alleged signature was not, in fact, in his handwriting. The appellants contend that it was error to admit this evidence, since no charge of forgery was made in the bill. We think, however, that under the charge of incapacity and fraud the manner of signing the deed was part of the res gestæ, and the plaintiff was entitled to inquire fully into the entire transaction. The ruling, therefore, was right.

The appellants present various other assignments of error, some of which relate to certain hypothetical questions put to expert witnesses, reflecting upon the decedent's mental capacity; others relate to testimony concerning the indorsement upon the check for $3,538.18 above mentioned; but we think there was no error in the court's rulings upon these subjects. It is also assigned as error that some of the heirs at law of the decedent were not made parties to the record. This question, however, was raised too late by the appellants, and must be overruled.

The decree of the lower court is affirmed, with costs.